■ MEYER HERSCHENHORN, Appellant-Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent-Appellant.— Appeal by plaintiff from an order of the Supreme Court, Albany County, Special Term, which denied plaintiff's motion for summary judgment, and granted defendant's motion to dismiss plaintiff's first cause of action. Defendant appeals from the order insofar as it denies its motion to dismiss the second cause of action. The complaint purports to allege two causes of action for breach of contract relative to the removal and sale of certain engine terminal facilities, trackage and switches owned by the defendant railroad company. The first cause of action is predicated upon the alleged acceptance of an offer tendered by the defendant. It appears however, from undisputed documentary evidence, that the acceptance by the plaintiff was not received within the time specified in the offer, and moreover that it contained a condition not specified in the offer; also that the parties entered into further negotiations concerning the same subject matter. No waiver on the part of the defendant as to the terms of the offer was pleaded by the plaintiff, and hence the Special Term quite properly held that no triable issue of fact had been shown. The second cause of action is based upon a letter, prepared by the defendant and addressed to the plaintiff, specifying contractual terms for the sale and removel of the railroad property heretofore mentioned. It was signed by the plaintiff in the local office of the defendant at Albany, New York, but not by any representative of the defendant, it being contended by the defendant that the same had to be approved by its New York office and that the plaintiff so understood. The last paragraph of the letter which is really the crux of plaintiff's claim, reads as follows: " If the above terms and conditions are acceptable to you, please sign and have witnessed this letter in the space provided, returning the copies to me, and same will become a contract and work may be proceeded with, the third copy may be retained for your file." The Special Term held that the pleadings and affidavits indicated a triable issue of fact as to whether the parties intended that plaintiff's signature alone was sufficient to create a contract, or whether they contemplated a subsequent approval by defendant's representatives. Order affirmed, with $10 costs. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur. [See, *post*, p. 698.]